UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DOUGLAS JAMES YOUNG, JR.,
     Petitioner,

vs.                        Case No.:  5:25cv300/AW/ZCB

SHERIFF TOMMY FORD, et al.,
     Respondents.
_____/

## **REPORT AND RECOMMENDATION**

Petitioner has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241.  (Doc. 5).  The petition challenges Petitioner's ongoing criminal proceedings in the Fourteenth Judicial Circuit in Bay County, Florida.  (Docs. 5, 5-1; Docs. 10, 11).  For the reasons below, this case should be dismissed because abstention is warranted under *Younger v. Harris*, 401 U.S. 37 (1971).

## I.    Background

Petitioner alleges he is being detained on criminal charges in three cases pending in the Fourteenth Judicial Circuit.  *State of Florida v. Young*, Case No. 25001484CFMA; *State of Florida v. Young*, Case No. 24003492CF; and *State of Florida v. Young*, Case No. 24006037MMA.

1

(Doc. 5 at 2).  According to Petitioner, the state trial court found him incompetent to proceed and committed him to the Florida Department of Children and Families for competency restoration.  (Doc. 5 at 3-5; Doc. 5-1 at 1-2; Doc. 10 at 3).  The state court dockets confirm the orders of incompetency and commitment.  *Young*, Case No. 25001484CFMA; *Young*, Case No. 24003492CF.[1]

Petitioner's § 2241 petition challenges the legality of his detention and the state criminal proceedings.  (Doc. 5 at 3-5; Doc. 5-1 at 1-4).  More specifically, Petitioner alleges (1) he is being detained without bond; (2) the "entity" named in the charging document and in the order of incompetency is "a strawman—a legal fiction or corporate persona created by the State"; (3) he was not afforded due process during the competency proceedings; (4) his speedy trial rights have been violated; (5) his

---

[1] Under Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of facts taken from state court's online public docket.  *See McDowell Bey v. Vega*, 588 F. App'x 923, 926 (11th Cir. 2014) (finding no error in taking judicial notice of state court docket entries).  If Petitioner disputes the accuracy of these facts or otherwise wishes to be heard on the propriety of the Court's taking judicial notice, then he may do so in an objection to this Report and Recommendation.  *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651-53 (11th Cir. 2020).

detention violates the Treaty of Peace and Friendship, the Magna Carta, The Great Charter, and the Eighth Amendment; and (6) the state court appointed an attorney to represent him against his will.   (Doc. 5 at 3-5; Doc. 5-1 at 1-3).  As relief, Petitioner seeks release from custody and an order "quashing the lower courts' orders."  (Doc. 5-1 at 4).

The Court initially reviewed the amended habeas petition and determined that it appeared *Younger* abstention applied.[2]  (Doc. 9). For that reason, the Court ordered Petitioner to show cause why his habeas petition should not be dismissed.  (*Id.*).  Petitioner has now responded to

---

[2] *See* Rule 4, Rules Governing Section 2254 Cases (requiring prompt judicial review of a habeas petition and explaining that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner"); *see also* Rule 1(b), Rules Governing § 2254 Cases (stating that a district court "may apply any or all of these rules to a habeas corpus petition" that has not been filed under § 2254); *Jackson v. Georgia*, 273 F. App'x 812, 813-14 (11th Cir. 2008) (affirming *sua sponte* dismissal on *Younger* abstention grounds in a case that attempted to challenge an ongoing state criminal prosecution); *McGowan v. Dir. of Miami-Dade Dep't of Corr.*, No. 22-13720, 2023 WL 7321634, at *1 (11th Cir. June 7, 2023) (single judge order) (finding that "reasonable jurists would not debate the district court's dismissal" *sua sponte* of the habeas petition because "the district court correctly determined that [the petitioner's] claims were subject to the *Younger* abstention doctrine").

the show cause order. (Docs. 10, 11). In those responses, Petitioner claims that *Younger* does not apply. (*Id.*).

## II. Discussion

Under *Younger* abstention, "a federal court should not interfere with ongoing state criminal proceedings where the state court conviction and/or sentence is not yet final." *Johnson v. Fla.*, 32 F.4th 1092, 1099 (11th Cir. 2022). *Younger* abstention is warranted when "(1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue." *Id.* There are three "narrow exceptions" to *Younger* abstention: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Id.*

Here, the requirements of *Younger* abstention are met. First, there are judicial proceedings against Petitioner pending in state court. *See State of Florida v. Young*, Case No. 25001484CFMA (Bay Cnty. Cir. Ct.); *State of Florida v. Young*, Case No. 24003492CF (Bay Cnty. Cir. Ct.);

4

*State of Florida v. Young*, Case No. 24006037MMA (Bay Cnty. Cir. Ct.).[3]

Second, a state criminal prosecution involves important state interests.

*See Boyd v. Georgia*, 512 F. App'x 915, 918 (11th Cir. 2013) (explaining

that the state has an important interest in prosecuting criminal offenses).

Finally, although Petitioner asserts he has been unable to vindicate his

constitutional rights, he has not shown that he has been procedurally

prevented from raising his federal claims in the state courts.  In fact, he

asserts that he has filed motions and petitions in state court, including a

habeas petition, but relief has been denied.  (Doc. 5-1 at 11).  Thus,

Petitioner has had a meaningful opportunity to present his constitutional

claims in state court.  *See Pompey v. Broward Cnty.*, 95 F.3d 1543, 1551

(11th Cir. 1996) (noting that "for abstention purposes, whether a claim

would likely be successful on the merits in the state court is not what

matters...[but rather] whether the plaintiff is procedurally prevented

---

[3] Petitioner argues his commitment to the Florida Department of
Children and Families is a civil commitment, whereas *Younger* applies
to criminal prosecutions.  (Doc. 10 at 10).  That argument fails for two
reasons.  First, Petitioner's commitment was ordered in the course of his
pending state criminal proceedings.  Second, *Younger* applies even in the
context of pending state civil commitment proceedings.  *Newsome v.
Broward Cnty. Pub. Defs.*, 304 F. App'x 814, 816 (11th Cir. 2008).

from raising his constitutional claims in the state courts"). Moreover, Petitioner is represented by counsel in the state criminal proceedings. There is no reason to believe that the Florida state court where the criminal actions are pending will not afford Petitioner an adequate opportunity to raise the issues presented in his § 2241 petition.

Because the three requirements of *Younger* abstention are met, abstention is appropriate unless Petitioner shows that one of the exceptions above apply. *See Leonard v. Ala. State Bd. of Pharm.*, 61 F.4th 902, 908, 912 (11th Cir. 2023) (recognizing that "the burden is on the plaintiff to show" that an exception to *Younger* abstention applies). None do.

Looking first to the bad faith exception, "bad faith in this context generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Leonard*, 61 F.4th at 911 (cleaned up). Here, despite Petitioner's allegations of bad faith and maliciousness (Doc. 10 at 2, 6, 8-9, 11; Doc. 11), he has not shown that the state prosecution was brought with no "reasonable

expectation" of securing a conviction.    Thus, he has not satisfied *Younger*'s bad faith exception.

The Court will now turn to the second exception.    To show irreparable injury in the context of an ongoing state criminal prosecution, Petitioner must demonstrate that "the danger of irreparable loss is both great and immediate." *Younger*, 401 U.S. at 45.  Petitioner has not made such a showing here.    There is no reason for the Court to believe abstaining will result in Petitioner suffering irreparable injury.

Moving finally to the third exception, Petitioner has failed to show that the Florida state courts are an inadequate forum for him to raise his constitutional challenges.    "Adequacy in this context is not about the quality of the state proceedings, but rather about whether the challenge *can be raised* in the pending state proceedings at all." *Leonard*, 61 F.4th at 908 (cleaned up).  Put another way, "what matters is whether the plaintiff is *procedurally* prevented from raising his constitutional claims in the state courts." *Id.* (cleaned up).  Petitioner has pointed to nothing in Florida state law or procedure that would prohibit him from raising in

state court the same issues he has raised in his § 2241 petition.  Indeed,

Florida state courts regularly entertain and adjudicate such issues.

## III.    Conclusion

Because the requirements for *Younger* abstention have been met

and no exceptions apply, this Court should dismiss the 28 U.S.C. § 2241

petition without prejudice.[4]

## IV.    Certificate of Appealability

A certificate of appealability is required for a pretrial detainee to

appeal the dismissal of a federal habeas corpus petition.  *Hiteshaw v.

Butterfield*, 262 F. App'x 162, 163 (11th Cir. 2008).  "Section 2253(c)

permits the issuance of a COA only where a petitioner has made a

'substantial showing of the denial of a constitutional right.'"  *Miller-El v.

Cockrell*, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)).  "At the COA

stage, the only question is whether the applicant has shown that jurists

of reason could disagree with the district court's resolution of his

constitutional claims or that jurists could conclude the issues presented

---

[4] "Dismissals pursuant to the *Younger* abstention doctrine are without prejudice."  *Hale v. Pate*, 694 F. App'x 682, 684 (11th Cir. 2017).

are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 580 U.S. 100, 115 (cleaned up).

Here, Petitioner cannot make the requisite showing. Therefore, the undersigned recommends that the final order in this case deny Petitioner a certificate of appealability. If Petitioner objects to this recommendation, then he may present argument on the issue by bringing it to the district judge's attention in his objections.

Accordingly, it is respectfully **RECOMMENDED** that:

1.    The 28 U.S.C. § 2241 amended habeas petition (Doc. 5) be **DISMISSED without prejudice** based on *Younger* abstention.

2.    A certificate of appealability be **DENIED**.

At Pensacola, Florida this 2nd day of December 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or

recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.